UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| Oscar Davila,   §   | |
|    Petitioner,   § | |
| v.   § | C.A. NO. C-06-225 |
| § | |
| Nathaniel Quarterman, Director TDCJ-CID   § | |
|    Respondent.   § | |

### MEMORANDUM OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

On November 8th, 2006, the United States Magistrate Judge filed her Memorandum and Recommendation in this cause (D.E. 13). Having been granted an extension of time, petitioner filed objections to the to the Memorandum and Recommendation on December 5th, 2006. Having carefully reviewed the pleadings, motions, and evidence on file, the Court accepts the recommended decision of the Magistrate Judge and GRANTS respondent's motion for summary judgment (D.E. 10). Petitioner's claims are dismissed with prejudice.

Petitioner objects to the Magistrate Judge's reliance on *Kimbrell v. Cockrell*, 311 F.3d 361, 363–364 (5th Cir. 2002), and seeks to distinguish his case from *Kimbrell*. He argues that he filed his administrative grievances within their respective fifteen day deadlines, whereas in *Kimbrell* the petitioner pursued administrative remedies more than a year after his disciplinary hearings. While this difference may impact which exact period of time tolled, it has no bearing on the relevant holding of *Kimbrell*—that in prisoner disciplinary proceedings, 28 U.S.C. § 2254(d)(1)(D) applies for the purposes of the one-year statute of limitations. *Kibrell*, 311 F.3d at 363–64. Applying the one-year statute of limitations of § 2254(d)(1)(D)

from the date of the disciplinary proceeding, *Id.*, and subtracting the time during which petitioner's step-one and step-two grievances were pending, *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998), the period in which petitioner could apply for relief under § 2254 expired on May 13, 2006.  Petitioner did not file his application until May 23, 2006.[1]  The Magistrate Judge correctly concluded that his application was not timely.

The Court accepts the recommended decision of the Magistrate Judge, and GRANTS respondent's motion for summary judgment (D.E. 10).  Petitioner's claims are dismissed with prejudice for failing to comply with the applicable statute of limitations.[2]  The Court ORDERS that a certificate of appealability shall NOT be issued.

ORDERED this 20th day of December, 2006.

*[signature: Hayden Head]*
HAYDEN HEAD
CHIEF JUDGE

---

1. Because petitioner waited eleven months to file his application, the doctrine of equitable tolling cannot apply. Hill v. Johnson, 265 F.3d 1059 (5th Cir. 2001); *see also* Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir.1989) ("[E]quity is not intended for those who sleep on their rights.").

2. The Magistrate Judge alternatively recommended petitioner's due process claims be dismissed for failing to show the existence of a liberty interest under the Fourteenth Amendment.  Petitioner objects that he is not only claiming a liberty interest in his time earning status or good time credits, but also based on the fact that he had been given notice of a parole decision prior to the disciplinary proceeding.  There is no constitutional liberty interest implicated by the "Notice of Parole Panel Decision" (D.E. 1 at 10). *See* Sandin v. Conner, 515 U.S. 472, 483–484 (1995) (holding that, except for restraints which give rise to substantive due process issues, a liberty interest is implicated only by disciplinary action that "imposes atypical and significant hardship" on a prisoner); Wilkerson v. Stalder, 329 F.3d 431, 435–436 (5th Cir. 2003) (applying the *Sandin* test).  The notice of the panel's decision was given to petitioner in December of 2004 and gave notice of a decision to grant him parole "no earlier than [October of 2005]."  The notice said on its face that the decision "may be changed by the Board if there is a change in [petitioner's] status or classification or if additional information is received."  The change in the decision, pursuant to a disciplinary proceeding for the possession of illegal drugs, is not an atypical or significant hardship under *Sandin*.  515 U.S. at 483–484.